UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
   UNITED STATES OF AMERICA   :
                                                 :   14 Cr. 55-01 (LGS)
                -against-                  :
                                               :   ORDER
   KEVIN LOWE,                            :
                       Defendant.   :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

**Background**

WHEREAS, on June 18, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  On June 30, 2020, the Government filed a response in opposition;

WHEREAS, on May 4, 2015, a jury found Defendant guilty of one count of Conspiracy to Distribute Narcotics in violation of 21 U.S.C. §846.  On January 11, 2016, Defendant was sentenced to 144 months' incarceration, followed by three years of supervised release;

WHEREAS, the Government represents that Defendant's current expected release date is June 10, 2025.  Defendant is currently detained at USP Canaan, a Bureau of Prisons ("BOP") facility in Pennsylvania;

WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus.  As of July 6, 2020, there were 94,403 confirmed cases in Pennsylvania. *See Coronavirus in the U.S.: Latest Map and Case Count*, at https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html (last viewed July 6, 2020).  Almost 6,800 persons have died in Pennsylvania of the virus and almost 130,000 have died nationwide.  *Id*;

**Exhaustion of Administrative Remedies**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A) states,

> The court may not modify a term of imprisonment once it has been imposed, except . . . upon motion of the Director of the Bureau of Prison, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

WHEREAS, the Government does not dispute that Defendant "has satisfied the statutory exhaustion requirements with respect to the instant Motion";

**"Extraordinary and Compelling Reasons"**

WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) further provides that the court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission";

WHEREAS, the relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13, provides that the Court may reduce a term of imprisonment if three conditions are met: (i) extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy statement, *id.* § 1B1.13(3); *accord United States v. Gotti*, No. 02 Cr. 743-07, 2020 WL 497987, at *1–2 (S.D.N.Y. Jan. 15, 2020);

WHEREAS, the Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition," "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is

not expected to recover." U.S.S.G. § 1B1.13, Application Note 1(A);

WHEREAS, some preliminary research studies have shown that "patients with underlying health conditions and risk factors, including but not limited to diabetes mellitus, hypertension. . . might be at higher risk for severe disease or death from COVID-19." *Preliminary Estimates of the Prevalence of Selected Underlying Health Conditions Among Patients with Coronavirus Disease 2019 — United States, February 12–March 28, 2020* at http://dx.doi.org/10.15585/mmwr.mm6913e2. Courts have also recognized that individuals in confinement settings may be at a "heightened risk of contracting COVID-19." *United States v. Dante Stephens*, No. 15 Cr. 95, 2020 WL 1295155, at *2 (S.D.N.Y. Mar. 19, 2020);

WHEREAS, Defendant suffers from Type 2 diabetes, hypertension, and several other medical conditions. The Government does not dispute that a defendant suffering from Type 2 diabetes has established 'extraordinary and compelling reasons' within the meaning of Section 3582(c) based on the heightened risk that condition poses in light of the COVID-19 pandemic";

**Sentencing Factors Under Section 3553(a)**

WHEREAS, a "court confronted with a compassionate release motion is still required to consider all the Section 3553(a) factors to the extent they are applicable, and may deny such a motion if, in its discretion, compassionate release is not warranted because Section 3553(a) factors override, in any particular case, what would otherwise be extraordinary and compelling circumstances." *United States v. Lisi*, No. 15 Cr. 457 (KPF), 2020 WL 881994, at *5 (S.D.N.Y. Feb. 24, 2020). These factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed -- (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect

the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;" (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct;" (4) the sentencing guidelines; and (5) "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a);

WHEREAS, consideration of the factors set forth in section 3553(a) overrides what may otherwise be extraordinary and compelling circumstances. The 3553(a) factors considered at the time of sentencing have not changed. Defendant was found guilty at trial of a very serious offense, and the seriousness of the offense was reflected in his sentence. As was observed at the sentencing, Defendant owned and operated a pain management clinic and a related office that issued approximately 35,000 medically unnecessary prescriptions for more than 6 million 30-milligram oxycodone tablets with a street value of more than a hundred million of dollars. The clinic that was the subject of the trial catered to drug addicts and dealers. Defendant created and perpetuated the environment that made this happen, and enabled the crimes that have resulted in the conviction and sentencing of more than twenty people. The sentence imposed of 144 months was imposed to promote respect for the law, and to deter Defendant and others from committing similar offenses. Releasing Defendant now would cut his current sentence by one-half and would not appropriately reflect the "nature and circumstances of the offense," or the "need for the sentence imposed" "to reflect the seriousness of the offense," "to afford adequate deterrence to criminal conduct" or "to protect the public from further crimes." *See United States v. Goode*, No. 14 Cr. 810-07, 2020 WL 58272, at *7 (S.D.N.Y. Jan. 6, 2020) ("Even assuming Goode satisfies one of the categories for compassionate release, a further reduction in her already

significantly reduced sentence would tend to undermine the sentencing goals set forth in Section 3553(a)."). It is hereby

**ORDERED** that for the reasons stated above, Defendant's motion for compassionate release is DENIED.

The Clerk of Court is respectfully requested to close the motion at Dkt. No. 784 and to mail a copy of this Order to Defendant.

Dated: July 6, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**